# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

JOHNNYLEE PRESTON BURK,

                Plaintiff,

    v.

THOMAS ELMORE, *et al.*,           Case No. 3:21-cv-00277-JMK

                Defendants.

## ORDER OF DISMISSAL

### I.    Background & Procedural History

On December 28, 2021, Johnnylee Preston Burk, a self-represented prisoner (hereinafter "Plaintiff"), filed a Prisoner's Complaint under the Civil Rights Act, 42 U.S.C. § 1983, that included statutes 28 U.S.C. § 1331 and 42 U.S.C. §§ 1985(3) and 1986, along with a civil cover sheet and Prisoner's Application to Waive Prepayment of the Filing Fee.[1]

The Court screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. On June 27, 2022, the Court issued a Notice of Intent to Dismiss.[2] The Court's order explained that Plaintiff failed to state a claim upon which relief may be granted for both procedural and substantive grounds. Specifically, the Court found that Plaintiff's Complaint (1) lacked sufficient plausible

---

[1] Dockets 1–3.

[2] Docket 7.

facts to support any claim under Rule 8 of Federal Civil Procedure; (2) the federal statutes relied upon failed to support Plaintiff's legal theories; and (3) Plaintiff attempted to collaterally attack a pre-existing federal criminal conviction via this civil suit.[3]

The Court granted limited leave to amend "in the event Plaintiff can plead allegations that are appropriate for a civil action and do not necessarily imply the invalidity of his conviction in Case No. 3:15-cr-00088-SLG-3."[4] The Court permitted leave until August 1, 2022, to either amend his complaint or voluntarily dismiss this action.[5] Additionally, the Court gave two additional relevant warnings:

> 7. If Plaintiff does not file either an amended complaint or a Notice of Voluntary Dismissal on the Court form by **August 1, 2022,** this case will be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B). This dismissal will count as a "strike" against Plaintiff under § 1915(g).[6]

> 8. At all times and as previously done, Plaintiff must keep the Court informed of any change of address. Such notice shall be titled "NOTICE OF CHANGE OF ADDRESS." This notice must not include any requests for other relief, and it must be served on any attorney for Defendant who makes an appearance in this case. Failure to file a notice of change of address may result in

---

[3] Docket 7 at 6–13.

[4] Docket 7 at 13.

[5] Docket 7 at 14–15.

[6] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

the dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure.

Concurrently, but unrelated to this civil action, Plaintiff was held in custody on an Indictment of two counts of Assault, in violation of 18 U.S.C. § 111.[7]  On June 10, 2021, before this Court, Plaintiff entered into a Plea Agreement with the Government.[8]  After the Court advised Plaintiff of his rights, the charges alleged against him, and the possible penalties, Plaintiff pled guilty to Count 2 of the Indictment.[9]  The Court then heard argument and proposals for Plaintiff to be released pending sentencing.[10]  On June 13, 2022, Plaintiff was released from custody to Pretrial Services of U.S. Probation in accordance with the Court's Order Setting Conditions of Release.[11]  Plaintiff's conditions of release included GPS monitoring, home detention, drug testing, and staying in contact with Pretrial

---

[7] *United States of America v. Burk*, Case No. 3:19-cr-00117, Dockets 2 & 410.  Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019).  A court can take judicial notice of its own files and records.  Fed. R. Evid. 201.

[8] Docket 419.

[9] *United States of America v. Burk*, Case No. 3:19-cr-00117, Proposed Change of Plea Hearing and Bail Review Hearing held before Joshua M. Kindred, Anchorage Courtroom 3 (June 10, 2022); *see also* Minute Entry at Docket 415.

[10] *Id.*

[11] *United States of America v. Burk*, Case No. 3:19-cr-00117, Dockets 417, 418, & 421; *see also* Docket 423 at 1 ((Ex Parte) Petition for Action on Conditions of Pretrial Release).  A court can take judicial notice of a court filing even if is sealed or otherwise in accessible to the public.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d, 741, 746 n.6 ("While some of these documents are filed under seal, they nonetheless are readily verifiable and, therefore, the proper subject of judicial notice.").

Services.[12]  Also on June 13, 2022, Plaintiff signed a Notice of Change of Address in both cases.[13]  The Notice in this case, received by the Court on June 16, 2022, states:

> Comes now, the Plaintiff, Johnny-lee Preston Burk, by Pro Se filing, and hereby files this Notice of his current change of both physical and mailing address to:  4570 S. Navigators Circle, Wasilla, Alaska, 99623.  From here on forward, this Court and any other party will need to mail any filings made here to that address."[14]

On June 22, 2022, Plaintiff severed the strap of his ankle monitor and attempts by Pretrial Services to contact Plaintiff or his uncle were unsuccessful.[15] Plaintiff absconded from pretrial supervision and did not maintain contact with Pretrial Services or the Court.  As addressed above, the Court's Order of Notice of Intent to Dismiss issued on June 27, 2022.  Plaintiff returned to custody pursuant to a Warrant of Arrest on July 28, 2022.[16]  The Court's Order was returned to the Court as undeliverable on June 30, 2022.[17]

---

[12] *United States of America v. Burk*, Case No. 3:19-cr-00117, Dockets 417 & 421.

[13] Docket 6; *United States of America v. Burk*, Case No. 3:19-cr-00117, Docket 422.

[14] Docket 6.

[15] *United States of America v. Burk*, Case No. 3:19-cr-00117; Docket 423 at 1 ((Ex Parte) Petition for Action on Conditions of Pretrial Release).  *See Reyn's Pasta Bella, LLC*, 442 F.3d at 746 n.6.

[16] *United States of America v. Burk*, Case No. 3:19-cr-00117, Clerk's Entry, "Notice of Arrest of Johnny-Lee Preston Burk.  The defendant was arrested 7/28/22 and is located at Matsu Pretrial." (July 29, 2022).  *See Reyn's Pasta Bella, LLC*, 442 F.3d at 746 n.6.

[17] Dockets 7 & 9.

On August 15, 2022, Plaintiff filed a Notice of Change of Address with the Court, alleging good faith delay, because of his inability to access the correctional facilities law library while in quarantine.[18]  On September 8, 2022, Plaintiff filed the following:  (1) Notice of Change of Address; (2) "Motion Requesting Permission to Reply"; (3) "Declaration of Plaintiff"; (4) "Request for Order of Production"; and (5) "Motion Requesting Indigent Service."[19]  On November 4, 2022, the Court held a hearing sentencing Plaintiff in his criminal matter, Case No. 3:19-cr-00117, and on the disposition of a Petition to Revoke Supervised Release in Case No. 3:15-cr-00088.[20]  On November 17, 2022, Plaintiff also filed "Plaintiff's Supplemental Claims Against Kindred," broadly alleging the Court conspired with other federal judges to deny Plaintiff his constitutional rights.[21]

Now before the Court are Plaintiff's motions at Dockets 12, 14, and 15 made well after his deadline to amend or voluntarily dismiss, as well as Plaintiff's "Supplemental Claims."

## II.    Discussion

Plaintiff's "Motion for Permission to Reply" at Docket 12 and "Declaration of Plaintiff" at Docket 13 allege that upon his release from custody, Plaintiff

---

[18] Docket 10.

[19] Dockets 11–15.

[20] *United States of America v. Burk*, Case No. 3:19-cr-00117, Docket 473 (Judgment); *United States of America v. Burk*, Case No. 3:15-cr-00088, Docket 381 (Judgment for Revocation of Supervised Release).

[21] Docket 16.

discovered he did not have access to his secured mailbox. Plaintiff alleges that he diligently tried to contact the U.S. Post Office for a new mailbox key, even while he had absconded from pretrial supervision. Further, he alleges that he remained at the Navigator's Circle address, but simply did not have mail access.[22] Plaintiff does not address why he did not provide an alternate mailing address, or alternatively contact the Court to check on the status of this case.[23] For relief, Plaintiff requests the Court resend him the Court's Notice of Intent to Dismiss and permit an adequate time to respond.[24]

In addressing Docket 12, the Court must decide whether Plaintiff's case requires dismissal for failure to prosecute or should continue. Rule 41(b) of the Federal Rules of Civil Procedure permits dismissal due to a plaintiff's failure to prosecute or comply with a court order. Furthermore, Local Civil Rule 41.1 states that "failure to prosecute or to otherwise comply with the Federal Rules of Civil Procedure, the Local Civil Rules, or with any court order may result in imposition of sanctions authorized by law, including dismissal."

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

---

[22] Docket 13.

[23] *See* Dockets 12–13.

[24] Docket 12 at 2.

(3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[25]

Here, the first three factors—(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; and (3) risk of prejudice to defendants—all weigh in favor of dismissal. Plaintiff failed to file an amended complaint or a voluntary dismissal within the specified timeline. Moreover, the claims alleged in the original Complaint lacked merit and the Court identified vast structural barriers to Plaintiff's legal theories.[26]

The Court is sympathetic to Plaintiff's alleged barriers of rural mail service, especially considering his extensive time spent in custody. Additionally, the Court is sympathetic to the unfortunate timing that the Notice of Intent to Dismiss issued during the complex window of Plaintiff's release. Regardless, the undeniable fact is that Plaintiff knowingly and purposefully avoided contact with the Court. He removed his required GPS monitoring device, refused contact with Pretrial Services, and made no attempt to call or otherwise contact the Clerk's Office about the status of this case. Plaintiff does not address why he did not check on this civil action while in violation of the conditions of his release. However, the overarching facts demonstrate that Plaintiff did not want to present himself to anyone associated with the U.S. District Court for the District of Alaska, lest he be

---

[25] *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

[26] *See* Docket 7.

apprehended. Plaintiff absconded from his criminal case and effectively abandoned this civil action in the process.

While the Court takes extensive measures to fairly facilitate self-represented litigation, a self-represented litigant is not excused from the rules that govern court proceedings.[27] A federal district court is a trial court simultaneously addressing a volume and variety of cases of varying priorities. Accordingly, a court cannot issue orders and rulings purely on the best timeline for a litigant. A litigant must always be diligent in pursuing their case, especially in situations where the litigant has caused confusion, avoidance, or delay.[28] While Plaintiff may be unhappy with the Court's timing, this disagreement is insufficient to excuse his purposeful unavailability. To permit Plaintiff an attempt to amend now, countervails an expeditious resolution, impedes judicial economy, and would prejudice Defendants.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.[29] However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but

---

[27] *Motoyama v. Hawaii, Dept. of Transp.*, 864 F. Supp. 2d 965, 976 (2012).

[28] *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward . . . disposition at a reasonable pace, and to refrain from dilatory and evasive tactics").

[29] *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

whose conduct impedes progress in that direction,"[30] which is the case here.  Thus, although this factor typically weighs against dismissal, it does not overcome Plaintiff's failure to amend his complaint or voluntarily dismiss.

The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions."[31]  The Court's Order of Notice of Intent to Dismiss provided Plaintiff guidance on relevant law and an opportunity to amend his complaint.[32]  Further, the Court expressly warned Plaintiff that his failure to comply with the Court's order would result in a dismissal of this action.[33]  Moreover, Plaintiff has been a frequent and persistent litigant in this Court.  In case *Burk v. Nelson*, Case No. 3:17-cv-00206, the Screening Order dated December 17, 2017, gave the same warnings, almost verbatim, that apply here:

> 4.  If Mr. Burk does not file a First Amended Complaint or Notice of Voluntary Dismissal on or before January 26, 2018, this case will be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted, and a judgment will issue that indicates a "strike" is being entered against Mr. Burk pursuant to 28 U.S.C. § 1915(g).

---

[30] *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citing *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)).

[31] *Conn. Gen. Life Ins.*, 482 F.3d at 1096 (internal citation omitted).

[32] Docket 7.

[33] Docket 7 at 15.

5. At all times, Mr. Burk must keep the court informed of any change of address. Such notice shall be titled "NOTICE of CHANGE of ADDRESS." This notice shall contain only information about Mr. Burk's change of address and its effective date. The notice must not include any requests for any other relief and must be served on any Defendant's attorney who makes an appearance in this action. Failure to file a notice of change of address may result in the dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure.[34]

More recently in *Burk v. Blake*, Case No. 3:21-cv-00043, on May 10, 2021, Plaintiff received an order from this Court permitting him to submit a First Amended Complaint or Notice of Voluntary Dismissal.[35] Again, that Order Granting Reconsideration contained the following language:

3. If Mr. Burk does not file either a First Amended Complaint, or a Notice of Voluntary Dismissal, on one of the Court's forms, by June 11, 2021, this case will be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B). This dismissal will count as a "strike" against Mr. Burk under § 1915(g).

. . . .

5. At all times, Mr. Burk must keep the Court informed of any change of address. Such notice shall be titled "NOTICE OF CHANGE OF ADDRESS." This notice must not include any requests for any other relief, and it must be served on any Defendant's attorney who makes an appearance in this case. Failure to file a notice of change of address may result in the dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure.

---

[34] Docket 10 at 5.

[35] Docket 10.

Even accepting Plaintiff did not received the Order of Notice of Intent to Dismiss, Plaintiff is well-aware of the standards expected of him and the risks to him, should he fail to comply with this Court's orders.

The Court cannot move the case toward disposition without Plaintiff's compliance with Court orders. Additionally, Plaintiff had adequate warning that dismissal could result from his noncompliance. Lastly, Plaintiff's initial claims were fundamentally barred as a collateral attack on a federal conviction.[36] The Court could have simply dismissed the action outright with prejudice for futility.[37] Instead, the Court generously permitted Plaintiff two options: (1) limited leave to amend, or (2) voluntarily dismiss to avoid receiving a third strike. This was a gift that Plaintiff did not accept, because he was purposefully evading the Court.

All five factors support dismissal of this action. The Court finds no other lesser sanction to be satisfactory or effective in this case. Accordingly, this action must be dismissed for failure to prosecute.[38]

---

[36] *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (extending the favorable termination rule of *Heck v. Humphrey* to federal civil rights claims); *see also* Court's reasoning at Docket 7 at 6–12 and Conclusion at 13 ("Plaintiff's Complaint lacks sufficiently plead plausible, factual detail to state a claim. Furthermore, even if Plaintiff were to allege sufficient plausible factual detail, substantively, his allegations are a collateral attack on his convictions in *United States v. Johnnylee Preston Burk*, Case No. 3:15-cv-00088-SLG-3 and likely cannot proceed in a civil rights action in federal court. Plaintiff's appropriate remedy is likely found through 28 U.S.C. § 2255.")

[37] *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

[38] *See, e.g.*, *Henderson*, 779 F.2d at 1424 (a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and

**IT IS THEREFORE ORDERED:**

1.    The Motion Requesting Permission to Reply at Docket 12 is **DENIED**. Accordingly, this action is **DISMISSED WITH PREJUDICE** for failure to prosecute and comply with a court order.

2.    All pending motions are **DENIED AS MOOT**.

3.    This dismissal is Plaintiff's Third Strike under 28 U.S.C. § 1915(g).[39]    The Court cautions Plaintiff as to his strike status and that he is now unable to file future lawsuits in federal court without paying the filing fee or demonstrating he is in imminent danger of serious physical injury with any request to waive prepayment of the filing fee.

4.    The Clerk of Court shall issue a final judgment.

5.    Pursuant to the Federal Rules of Appellate Procedure 3 & 4, Plaintiff may file a Notice of Appeal with the district court within 30 days of this Order of

---

meaningful alternatives) (internal citation omitted); *Adriana International Corp. v. Thoeren,* 913 F.2d 1406, 1412 (9th Cir. 1990) (explaining despite all the elaboration of factors, it is not always necessary for the court to impose less serious sanctions first, or to give any explicit warning); *Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an order to show cause and giving the plaintiff an additional opportunity to re-plead).

[39] *Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1722 (2020) (holding that Section 1915(g)'s three-strikes provision refers to any dismissal for failure to state a claim, whether with prejudice or without prejudice.).  *See Burk v. Nelson*, Case No. 3:17-cv-00206-RRB, Doc. 17, 2018 WL 11081659, *2 (D. Alaska March 16, 2018) ("The case is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted, and a judgment will issue that indicates a 'strike' is being entered against Mr. Burk pursuant to 28 U.S.C. § 1915(g)."); *Burk v. Nelson*, 771 Fed. Appx. 412, 413 2019 WL 2305588 (9th Cir. May 30, 2019) (Mem.) (affirming the district court's dismissal for failure to state a claim).

Dismissal, should he wish to seek review from the Ninth Circuit Court of Appeals.

DATED this 15th day of February, 2023, at Anchorage, Alaska.

_/s/ Joshua M. Kindred_

JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE