# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHNNYLEE PRESTON BURK,<br><br>      Plaintiff,<br><br>v.<br><br>THOMAS ELMORE, *et al.*,<br><br>      Defendants. | Case No. 3:21-cv-00277-JMK |

## ORDER

Before the Court at Docket 19 is Mr. Burk's Motion to Reconsider. Mr. Burk alleges five grounds for reconsideration: (1) the Court overlooked the factual importance of the delay caused by the United States Postal Service; (2) the Government interfered in his legal proceedings via the United States Postal Service; (3) his complaint properly stated a claim for relief; (4) he has exhausted his attempts to attack his conviction in 3:15-cr-00088-SLG-DMS; and (5) the Court mischaracterized his request for relief.[1]

Motions for reconsideration filed pursuant to Local Civil Rule 7.3(h) only apply to non-dispositive court orders.[2] Procedurally, such motions are limited to five pages and must be filed within seven days of the Court's order.[3] Substantively, the Court denies motions for reconsideration unless the movant demonstrates a

---

[1] Docket 19 at 1—6.
[2] Local Civil Rule 7.3(h).
[3] Local Civil Rule 7.3(h)(2).

(1) manifest error or law or fact; (2) discovery of new materials facts; or (3) an intervening change of the law.[4] Based on all of the above, Docket 19 does not present proper grounds as a motion for reconsideration pursuant to Local Civil Rule 7.3(h).

Even liberally construed, Docket 19 does not present grounds for consideration under Federal Rule of Civil Procedure 59(e) or 60(b). Rule 59(e) allows a district court to alter or amend a final judgment. Rule 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."[5] The Rule "gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision."[6] Rule 59(e) does not prescribe specific grounds for a motion to amend or alter; thus, "the district court enjoys considerable discretion in granting or denying the motion."[7] However, relief under Rule 59(e) is granted in only "highly unusual circumstances," because amending a judgment after entry is "an extraordinary remedy to be used sparingly[.]"[8]

Generally, there are four grounds for relief under Rule 59(e): (1) to correct a court's manifest error of law or fact; (2) to present "newly discovered or previously unavailable evidence"; (3) to prevent "manifest injustice"; or (4) because of an

---

[4] Local Civil Rule 7.3(h)(1).
[5] Federal Rule Civil Procedure 59(e).
[6] *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting *White v. New Hampshire Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)).
[7] *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253 n.1 (9th Cir. 1999)).
[8] *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted).

"intervening change in controlling law."[9] A party should not be using Rule 59(e) to present new arguments or evidence that could have been reasonably raised earlier.[10] Moreover, a party "must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision[.]"[11] While procedurally correct under Rule 59(e), Docket 19 does not contain arguments that merit altering or amending the Final Judgment. The Court does not find adequate inferences to substantiate Mr. Burk's claims regarding the United States Postal Service. The Court does not find these claims credible, especially in light of Mr. Burk's purposeful absence of reporting to the Court. Further, Mr. Burk reiterates his previous arguments that the Court considered and denied in its Order at Docket 17 expresses his dissatisfaction with the Court's ruling.[12]

Alternatively, a federal district court may apply Rule 60(b) of Federal Civil Procedure to reconsider a final judgment on either legal or factual grounds. Rule 60(b) permits a court to relieve a party from a final judgment for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[9] *Allstate Ins. Co.*, 634 F.3d at 1111.
[10] *Id*. at 1112.
[11] *Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California*, 649 F. Supp. 2d 1063, 1070 (E.D. Cal. 2009) (citation and internal quotation omitted).
[12] *See generally* Docket 19.

Case 3:21-cv-00277-JMK   Document 20   Filed 05/17/23   Page 3 of 4

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Docket 19 fails to make any arguments, even liberally construed, that merit further review under Rule 60(b).

Accordingly, the motion at Docket 19 is **DENIED.** Mr. Burk has 30 days from the date of this order to timely file a Notice of Appeal.

**IT IS SO ORDERED** this 17th day of May, 2023 at Anchorage, Alaska.

*/s/Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE